FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 3:41 pm, May 14, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BERNARD MOSS, SR., | |
| Plaintiff, | CIVIL ACTION NO.: 2:18-cv-149 |
| v. | |
| DAVID SEAWELL; CHRIS STEWART; CHIEF OF POLICE; and CITY OF BRUNSWICK, | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed this action asserting claims under 42 U.S.C. § 1983.[1]  Doc. 1 at 1, 3. Plaintiff has also filed a Motion for Leave to Proceed *in Forma Pauperis*.  Doc. 2.  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief may be granted, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.  Likewise, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

**DISCUSSION**

**I.    Plaintiff's Claims Are Barred**

Prisoners proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. § 1915

---

[1]    In his Complaint, Plaintiff styles this action as one arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395–96 (1971).  Doc. 1 at 3.  However, because no defendant is a federal actor, § 1983 is the proper vehicle.

and § 1915A.  In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).  28 U.S.C. § 1915A requires a district court to screen the prisoner's complaint for cognizable claims.  The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  The same standard for whether to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) applies to prisoner complaints filed under § 1915(e)(2)(B)(ii).

In his Complaint, Plaintiff alleges he was arrested without probable cause and with no arrest warrant.  Doc. 1 at 4.  Plaintiff asserts after his "illegal arrest," he was "forced to plead guilty to the charges of murder and rape . . . because he was suffering from ineffective assistance of counsel."  Id. at 4.  Plaintiff contends that the court in which he was convicted "should have never allowed the prosecution to force plaintiff to plea guilty or convicted plaintiff after the 4th Amendment violation occurred . . . ."  Id. at 3.  As relief, Plaintiff requests monetary damages from each Defendant and that his conviction and sentence be voided and discharged.  Id. at 5–6.

In general, the distinction between claims which may be brought under § 1983 and those which must be brought as habeas petitions is reasonably well settled.  Claims in which state prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence (e.g., being exposed to an excessive amount of force) are § 1983 actions, not habeas actions.  See, e.g., Heck v. Humphrey, 512 U.S. 477, 481–82 (1994).  Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by a court.  Thus, for example, when a prisoner makes a claim that,

if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim.  Id.  The remedy Plaintiff seeks—to have his conviction declared void—should be brought as a habeas action.

Likewise, Plaintiff is not entitled to monetary damages from Defendants.  The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486–87.  According to the Heck Court, "when a . . . prisoner seeks damages in a [civil rights] suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487.  If this is the case, the plaintiff's complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.  A district court must determine whether "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." Id. (emphasis in original).  A judgment in favor of the Plaintiff in this case would necessarily imply the invalidity if his conviction and sentence, for Plaintiff seeks to void his conviction and sentence based on his "illegal arrest" and "ineffective assistance of counsel."  Doc. 1 at 4.  Unless and until Plaintiff's conviction and sentence have been reversed or overturned, he cannot seek monetary damages for his conviction and sentence.

3

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint for failure to state a claim upon which relief may be granted, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff

leave to proceed *in forma pauperis* on appeal.  In addition, I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of May, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA